**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **RENEKA DRAINES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:13-cv-300 (HL)** |
| | : | |
| **CAROLYN W. COLVIN, Commissioner** | : | **Social Security Appeal** |
| **of Social Security,** | : | |
| **Defendant.** | : | |
| | : | |

## RECOMMENDATION

This is a review of the final decision of the Commissioner of Social Security denying Plaintiff Reneka Draines' claim for disability insurance benefits. Because the Commissioner's decision is supported by substantial evidence and based on proper legal standards, it is hereby **RECOMMENDED** that the decision be **AFFIRMED**.

## BACKGROUND

At the time of the administrative hearing, Plaintiff was 31 years old and suffered from obesity, bipolar disorder, substance addiction, hypertension, and arthritis. Prior to the alleged onset date of February 7, 2009, Plaintiff worked as a certified nursing assistant, a kitchen helper, and a food service worker. On October 21, 2009, Plaintiff applied for disability insurance benefits. Plaintiff's application was denied initially and upon reconsideration. Following an administrative hearing on February 15, 2012, the Administrative Law Judge (ALJ) issued a written decision finding Plaintiff not disabled. The Appeals Council declined to review the ALJ's written decision. On August 20, 2013, Plaintiff filed the instant case.

STANDARD OF REVIEW

Review of the Commissioner's decision is restricted to whether the decision "is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. Under this limited standard of review, a reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004), quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Where substantial evidence supporting the ALJ's factual findings exists, courts cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's factual findings. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Even so, the failure to apply the correct legal standards or to provide a sufficient factual basis for the reviewing court to determine whether the correct legal standards have been applied is grounds for reversal. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving benefits under the Social Security Act if they are unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of proving her disability. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

When analyzing the issue of disability, the Commissioner must follow a five-step sequential evaluation procedure. 20 C.F.R. § 404.1520(a)(4)(i)-(v). First, the Commissioner

determines whether the claimant currently is engaging in substantial gainful activity. Second, the Commissioner considers the medical severity of the claimant's impairments. Third, the Commissioner considers whether the medical severity of the claimant's impairments meets or equals the severity of one or more of the specified impairments in the listing of impairments and meets the duration requirement.

The Commissioner next assesses the claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). Fourth, based on the RFC assessment, the Commissioner evaluates the claimant's ability to return to past relevant work despite the claimant's impairments. Fifth, the Commissioner determines whether there are a sufficient number of jobs in the national economy that the claimant can perform in light of her RFC, age, education, and work experience.

<u>DISCUSSION</u>

The Commissioner's decision must be affirmed because the determination that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards. Plaintiff contends that the Commissioner's decision is flawed for four reasons. First, Plaintiff argues that the ALJ erred in not finding that Plaintiff suffered from the severe impairment of schizoaffective disorder. Second, Plaintiff contends that the ALJ erred in concluding that Plaintiff experienced no repeated episodes of decompensation of an extended duration. Third, Plaintiff argues that the ALJ erred in not finding that Plaintiff's testimony was fully credible. Fourth, Plaintiff contends that the ALJ erred in not assessing Plaintiff's substance abuse for materiality. As discussed below, however, the ALJ properly evaluated Plaintiff's mental impairments, including her episodes of decompensation, and the ALJ adequately assessed both Plaintiff's credibility and Plaintiff's substance abuse.

**ALJ's Findings**

At step one of the five-step sequential evaluation procedure, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 7, 2009. AR 71. At step two, the ALJ concluded that Plaintiff suffered from the severe impairments of obesity, bipolar disorder, substance addiction, hypertension, and arthritis. Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that either met or medically equaled one of the listed impairments set forth in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). Id.

Consequently, before moving to step four the ALJ considered Plaintiff's RFC. The ALJ concluded that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b) with certain exceptions. AR 73. More specifically, Plaintiff's work should be limited to simple tasks and occasional social interaction, which should be brief and casual with no work in close contact with crowds of twenty or more people. Id.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. AR 79. At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff was able to perform based on her age, education, work experience, and RFC, including salvage bagger, card inserter, and racker. AR 80-81. Therefore, the ALJ concluded that Plaintiff was not disabled. AR 81.

**Plaintiff's Mental Impairments**

Plaintiff's first and second arguments address her mental impairments. Doc. 12 at 7-10. First, Plaintiff argues that the ALJ should have found that she suffered from the severe impairment of schizoaffective disorder as diagnosed by consulting psychologist Dr. Meck. Id. at

7-9. Second, Plaintiff contends that the ALJ erred in concluding that Plaintiff experienced no repeated episodes of decompensation of an extended duration. Id. at 9-10. Because Dr. Meck did not diagnose Plaintiff with schizoaffective disorder, and because the ALJ thoroughly assessed Plaintiff's mental impairments, including her episodes of decompensation, in accordance with proper legal standards, Plaintiff's first and second arguments are without merit.

Preliminarily, the record establishes that consulting psychologist Dr. Meck did not diagnose Plaintiff with schizoaffective disorder. Dr. Meck met with Plaintiff for a two-hour examination on February 4, 2010. AR 325-327. At the time, Plaintiff's self-reported symptoms included "psychotic disorder, delusions, paranoia, anxiety, can't concentrate, and depressed." Id. at 325. Dr. Meck observed that Plaintiff's mood was marked by anxiety and that Plaintiff's thought processes were marked by somatic concerns and feelings of persecution. Id. at 326-327. Even so, Dr. Meck noted no visual, auditory, tactile hallucinations, and Dr. Meck confirmed that Plaintiff denied having any homicidal or suicidal ideations. Id. at 327. Dr. Meck summarized his diagnostic impression of Plaintiff as follows: "R/O schizoaffective disorder, R/O anxiety disorder NOS, R/O secondary gain, R/O psychotic persisting disorder secondary to polysubstance abuse, cocaine abuse in remission for two years, cannabis abuse in remission for two years, alcohol abuse in remission for two years, and dependent and paranoid personality features."[1] Id. That is, Dr. Meck was not able to rule out schizoaffective disorder, but Dr. Meck did not diagnose Plaintiff with schizoaffective disorder. Therefore, Plaintiff's unsubstantiated claim that Dr. Meck diagnosed her with schizoaffective disorder misrepresents the record.

There also is no indication in the record that any acceptable medical source ever prepared a medical report diagnosing Plaintiff with schizoaffective disorder. To establish the existence of

---

[1] According to Stedman's Medical Dictionary, the term "R/O" is the common medical abbreviation for "rule out," and the term "NOS" is the common medical abbreviation for "not otherwise specified."

a medically determinable impairment, it is necessary to have evidence from acceptable medical sources, such as, a licensed or certified psychologist. 20 C.F.R. § 404.1513(a). Medical reports prepared by an acceptable medical source typically include information about Plaintiff's: (1) medical history, (2) clinical findings, (3) laboratory findings, (4) diagnosis, (5) treatment prescribed with response and prognosis, and (6) statements about what Plaintiff can still do despite her impairments. 20 C.F.R. § 404.1513(b). In this case, Plaintiff does not identify any acceptable medical source, other than Dr. Meck, that diagnosed her with schizoaffective disorder, and as previously discussed, the record establishes that Dr. Meck did not actually diagnose Plaintiff with schizoaffective disorder. Although Plaintiff reported experiencing active delusions in February 2009, Plaintiff's self-reported symptoms do not amount to an actual diagnosis of schizoaffective disorder established by medical evidence. AR 238; AR 677. See 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."). Also unpersuasive are Plaintiff's cursory allegations about her delusions causing her to experience unscheduled absences from work and other functional limitations because Plaintiff does not identify any medical evidence to bolster her unsubstantiated allegations. See id.

Even if Plaintiff could establish that an acceptable medical source had diagnosed her with schizoaffective disorder, Plaintiff's first and second arguments fail because the record demonstrates that the ALJ assessed Plaintiff's mental impairments in accordance with proper legal standards. Where, as here, Plaintiff alleges the existence of mental impairments, the Commissioner is responsible for evaluating the severity of those impairments by utilizing "a special technique at each level in the administrative review process." 20 C.F.R. § 404.1520a(a).

Use of this special technique is explained in 20 C.F.R. § 404.1520a(b)(1)-(2), which provides in pertinent part that:

> Under the special technique, we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s). […] If we determine that you have a medically determinable mental impairment(s), we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document our findings in accordance with paragraph (e) of this section. We must then rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of this section and record our findings as set out in paragraph (e) of this section.

Paragraph (c) involves the assessment of Plaintiff's functional limitations in the following four areas: (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(1)-(4). Paragraph (e) specifies that "the written decision must incorporate the pertinent findings and conclusions based on the technique" and that "[t]he decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. § 404.1520a(e)(4).

In this case, the ALJ's written decision expressly applied the special technique set forth in 20 C.F.R. § 404.1520a and Listing 12.00. AR 71-72. The ALJ found that Plaintiff had mild restrictions in activities of daily living based on Plaintiff's reports of cooking, cleaning, caring for her children, shopping with assistance, and appearing alone at doctor's appointments. AR 72. The ALJ also found that Plaintiff had moderate difficulties in social functioning based on Plaintiff's reports of socializing with her family only, having no contact with her children's teachers, not participating in school, church, or other social activities, and achieving normal results on some mental status exams. Id. In addition, the ALJ found that Plaintiff had moderate difficulties with concentration, persistence, or pace based on Plaintiff's reports of watching

7

television, reading the newspaper, and independently taking on certain activities outside of the home, such as, cooperating during her medical appointments. Id. Finally, the ALJ found that Plaintiff had experienced no repeated episodes of decompensation of an extended duration. Id.

The ALJ's written decision sufficiently indicates that the ALJ considered all of the relevant evidence, before concluding that Plaintiff had experienced no repeated episodes of decompensation of an extended duration. According to Plaintiff, she experienced intensive in-patient and out-patient treatment on the following dates: (1) from February 3, 2009 to February 13, 2009, (2) from February 25, 2010 to March 9, 2010, (3) from March 25, 2010 to April 1, 2010, and (4) from April 8, 2010 to April 13, 2010. Assuming for the sake of argument that the above-listed dates correctly summarize Plaintiff's episodes for decompensation, none of the above-listed dates amount to repeated episodes of decompensation of an extended duration, which is defined in Listing 12.00(C)(4) as "three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." Because none of the above-listed dates lasted for at least two weeks, the ALJ correctly concluded that Plaintiff had experienced no repeated episodes of decompensation of an extended duration. In sum, review of the record establishes that the ALJ thoroughly evaluated all of the relevant evidence, including the pertinent symptoms, clinical signs, and laboratory findings, about Plaintiff's mental impairments in order to obtain a longitudinal picture of her functional limitations, and there is no basis to conclude that the ALJ erred by finding that Plaintiff had experienced no repeated episodes of decompensation of an extended duration.

To the extent that Plaintiff argues that the ALJ should have afforded greater weight to Plaintiff's self-reported symptoms about her mental impairments, the Court must consider "the narrowly circumscribed nature" of judicial review in this case. Moore v. Barnhart, 405 F.3d

1208, 1213 (11th Cir. 2005). A reviewing court is precluded from "'re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] [...] even if the evidence preponderates against' the decision." Id., quoting Bloodsworth, 703 F.2d at 1239. Where, as here, the ALJ properly assessed Plaintiff's mental impairments using the special technique set forth in 20 C.F.R. § 404.1520a, and substantial evidence supports the ALJ's determinations; there is no basis to disturb the ALJ's evaluation of Plaintiff's mental impairments.

## Plaintiff's Credibility

Plaintiff's third argument addresses her credibility. Doc. 12 at 10-13. According to Plaintiff, the ALJ erred when evaluating Plaintiff's credibility about her subjective complaints of pain and other symptoms insofar as the ALJ did not find Plaintiff's allegations of hallucinations fully credible and insofar as the ALJ appeared predisposed to discredit Plaintiff based on her history of substance abuse and misleading medical evidence about Plaintiff drinking beer every day. Id. Contrary to Plaintiff's third argument, the ALJ properly assessed Plaintiff's credibility.

Where, as here, Plaintiff testified about experiencing pain and other symptoms, the ALJ is responsible for considering all of Plaintiff's symptoms, including her subjective complaints of pain, and the extent to which her symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). In addition, 20 C.F.R. § 404.1529(a) provides in pertinent part that:

> [S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

To establish disability based on pain and other symptoms, Plaintiff must show: (1) evidence of an underlying medical condition, and (2) either (a) objective medical evidence confirming the severity of the alleged pain or, (b) an objectively determinable medical condition that reasonably can be expected to give rise to the claimed pain. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). When there is evidence that an impairment reasonably could be expected to produce the symptoms alleged by Plaintiff, the ALJ considers objective medical evidence and information from Plaintiff and treating or examining physicians, as well as factors such as evidence of daily activities, medications taken, and any other aggravating factors. 20 C.F.R. § 404.1529.

It is well-established that credibility determinations are left to the Commissioner, and not to the reviewing court. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). Regarding credibility, SSR 96-7P specifically states that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

In addition, SSR 96-8P provides that the RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." That is, the ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks and citation omitted). While "[t]he credibility determination does not need to cite

particular phrases or formulations," it must sufficiently indicate that the ALJ considered Plaintiff's medical condition as a whole. Id.

In this case, the ALJ specifically found that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." AR 77. The ALJ's written decision sufficiently indicates that the ALJ considered Plaintiff's medical condition as a whole before finding Plaintiff's testimony regarding her subjective complaints of pain and other symptoms to be partially credible. Review of the record establishes that the ALJ thoroughly and properly evaluated all of the relevant medical and other evidence concerning Plaintiff's statements about the intensity, persistence, and limiting effects of her pain and other symptoms. The ALJ's written decision expressly addressed Plaintiff's allegations of hallucinations, her history of substance abuse, and inconsistencies in the record regarding whether Plaintiff continued to drink beer every day. AR 73-79. In addition, the ALJ's written decision included a lengthy discussion about why Plaintiff's subjective complaints of pain and other symptoms-related limitations could not reasonably be accepted as consistent with the medical and other evidence of record. Id. In sum, the ALJ's assessment of Plaintiff's credibility is consistent with all of the relevant evidence, and Plaintiff's arguments to the contrary must be rejected because they suggest that the Court should reweigh the evidence or supplant the Commissioner's credibility determination. Phillips, 357 F.3d at 1240 n. 8; Carnes, 936 F.2d at 1219. Because the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence and based on proper legal standards, there is no basis to disturb the ALJ's assessment of Plaintiff's credibility.

**Plaintiff's Substance Abuse**

Plaintiff's fourth argument addresses her history of substance abuse. Doc. 12 at 13-14. According to Plaintiff, if the ALJ properly assessed Plaintiff's substance abuse for materiality, the ALJ would have concluded that Plaintiff's history of cocaine, marijuana, and alcohol abuse was immaterial to the determination of disability. Id. Contrary to Plaintiff's fourth argument, the ALJ did not need to assess Plaintiff's substance abuse for materiality.

If the ALJ determined at step three of the five-step sequential evaluation procedure that Plaintiff was disabled but found that substance abuse was involved, then the ALJ "must determine whether [Plaintiff's] drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). Stated another way, the ALJ need not assess whether Plaintiff's history of drug addiction or alcoholism was a contributing factor material to the determination of disability unless the ALJ first determined that Plaintiff was disabled at step three of the five-step sequential evaluation procedure. See generally Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 855, 857 (11th Cir. 2013). Because the ALJ did not determine that Plaintiff was disabled at step three of the five-step sequential evaluation procedure, the ALJ did not need to determine whether Plaintiff's history of cocaine, marijuana, and alcohol abuse was a contributing factor material to the determination of disability. Accordingly, there is no basis to disturb the ALJ's assessment of Plaintiff's substance abuse.

CONCLUSION

Because the Commissioner's final decision that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards, it is hereby **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties

may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 4th day of June, 2014.

<u>s/ Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge