IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**RENEKA DRAINES**,

    Plaintiff,

v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security**,

    Defendant.

Civil Action No. 5:13-CV-300 (HL)

## ORDER

This matter is before the Court on a Recommendation from United States Magistrate Judge Charles H. Weigle. (Doc. 15). Finding the Commissioner's decision to be supported by substantial evidence and based on proper legal standards, Judge Weigle recommends that the decision be affirmed pursuant to Sentence Four of § 405(g).

Plaintiff filed objections to the Recommendation. (Doc. 16). Plaintiff's sole argument against adoption of the Recommendation is that the ALJ failed to resolve conflicting reports about Plaintiff's beer consumption and discredited her subjective symptoms, consequently making a credibility determination that is not supported by substantial evidence.

Credibility determinations lie in the exclusive province of the ALJ. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Carnes v. Sullivan, 936 F.2d

1215, 1219 (11th Cir. 1991). Social Security Regulation 96-7P provides that when assessing credibility, the ALJ "must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologist and other persons about the symptoms and how they affect the individual." A reviewing court may not disturb a "clearly articulated credibility finding with substantial supporting evidence in the record." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995).

After reviewing the record in its entirety, the ALJ here found that "[i]n terms of the claimant's alleged impairments and their impact on her ability to work, the claimant has been only partially credible." (Doc. 11-3, p. 16). Plaintiff questions the ALJ's credibility determination for two reasons. First, according to Plaintiff, the ALJ erred in discounting Plaintiff's credibility because Plaintiff exhibited no objective signs of hallucinations or delusions in the course of her medical treatment. Plaintiff argues that hallucinations are a subjective rather than an objective symptom. Next, Plaintiff alleges that the ALJ committed reversible error by giving weight to medical reports from 2009 and 2011 that indicate daily beer consumption by Plaintiff without resolving the conflict between those reports and reports by Dr. Fagbamiye, which note no drug or alcohol use by Plaintiff.

While Plaintiff's unsubstantiated reports of hallucinations and notations about her past alcohol and drug consumption certainly played a role in the ALJ's

overall analysis of Plaintiff's credibility, the ALJ considered many other factors as well. The ALJ additionally examined Plaintiff's conflicting statements about her inability to function independently, including her ability to attend doctor's appointments unaccompanied and to cook and clean. Further, the ALJ considered Plaintiff's compliance with her medication regimen and contradictory reports of side effects, consistent assessments that Plaintiff had full range of motion despite her contrary testimony about symptom-related limitations, and her limited reported work history.

The Court finds that the ALJ's assessment of Plaintiff's credibility is consistent with all of the relevant evidence. The ALJ sufficiently articulated the list of reasons he discounted Plaintiff's credibility, and the Court cannot supplant the ALJ's ultimate credibility determination. Accordingly, Plaintiffs objections are overruled. The Court accepts and adopts the Recommendation. The Commissioner's decision is affirmed pursuant to Sentence Four of § 405(g).

**SO ORDERED** this 2nd day of July, 2014.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks